C. J. TORNO v. J. E. TORNO ET AL.

Decided May 4, 1906.

**Devise—Acceptance—Estoppel.**

One who takes property under a will is estopped from claiming, adversely to the provisions of such will, other property therein devised to another.

Appeal from the District Court of Washington County. Tried below before Hon. Ed. R. Sinks.

*W. L. Eason,* for appellant.—That the facts do not show that plaintiff accepted under his father's will, and do not constitute an estoppel, cited: Steed v. Petty, 65 Texas, 495; Mortgage Co. v. Norton, 71 Texas, 689; Grinnan v. Dean, 62 Texas, 220; Burleson v. Burleson, 28 Texas, 415; Scoby v. Sweatt, 28 Texas, 730; Masterson v. Little, 75 Texas, 698.

That plaintiff was entitled to one-fourth in value, and not merely in acres, of his mother's estate, and the court, by its judgment, usurped the functions of commissioners provided by law to partition land, cited: Reed v. Howard, 71 Texas, 205; Tiernan v. Baker, 63 Texas, 644; Heusel v. Sturn, 25 S. W. Rep., 818; Freeman v. Preston, 29 S. W. Rep., 497; 92 Texas, 683; 91 Texas, 162.

*Searcy & Searcy,* for appellees and intervenors.—A party can not accept and claim property under a will, and afterwards assert rights in conflict with the provisions of said will. Paschal v. Acklin, 27 Texas, 195; Little v. Birdwell, 27 Texas, 691.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellant against the appellees J. E. Torno, Robert E. Torno and Emma Torno, for partition of three tracts of land in Washington County. The three tracts are fully described in plaintiff's petition, which alleges that plaintiff is the owner of an undivided one-fourth of said land, and prays that his title thereto be established, and that the lands be equitably partitioned between plaintiff and defendants.

The defendants answered by general demurrer and general denial, and by special plea in which it is averred, in substance, that Chas. Torno,

deceased, who was the father of plaintiff and defendants, by his last will devised to plaintiff a tract of 37½ acres of land out of the first tract described in plaintiff's petition, which contained 130 acres and was the community property of said Chas. Torno and plaintiff's deceased mother; that by the expressed provision of said will the 37½ acre tract was devised to plaintiff in full settlement of his interest in his mother's estate; that said will was duly probated, and thereafter the firm of Thos. Watson & Co., who held a judgment against plaintiff, levied upon and sold the 37½ acre tract in satisfaction of said judgment, and at such sale became the purchasers of the land; that soon after said sale and purchase by Watson & Co., the plaintiff repurchased the land from them, thereby recognizing their title to the same and accepting the terms and provisions of his father's will, and by so doing is now estopped from asserting any interest or claim as heir of his mother in the remainder of said 130 acre tract.

Thos. Watson & Co. intervened in the suit alleging the purchase of the 37½ acre tract at execution sale and the conveyance by them to plaintiff as set out in defendants' answer, and further alleging that in part payment of the purchase money for said land plaintiff executed his note to the intervenors secured by a vendor's lien upon the land; that said note was not paid at maturity and intervenors foreclosed their lien for the amount due them and at a sale under the judgment of foreclosure again purchased the land and are now the owners thereof.

The trial in the court below without a jury resulted in a judgment in favor of the defendants and intervenors.

The facts disclosed by the record are these:

Plaintiff and defendant J. E. Torno are children of Chas. Torno and his first wife, both of whom are deceased. After the death of plaintiff's mother his father married again and the remaining defendants are children of the second marriage.

The 130 acre tract of land described in plaintiff's petition was community property of his father and mother, and the other two tracts, of 36 and 6 acres respectively, were community property of the father and his second wife.

Plaintiff's father died in 1901 leaving a will which was duly probated. By this will a tract of 37½ acres, out of said 130 acre tract, was devised to plaintiff, and the remainder of the testator's property was given to the defendants. The 37½ acres devised to plaintiff is described in the will by metes and bounds, and is devised to him as his share of his mother's estate, this intention of the testator being expressed in the following unequivocal language: "The 37½ acres is given to him, C. J. Torno, in full settlement of his claim against his deceased mother."

When this will was read in the presence of the plaintiff and the defendants, a few days after their father's death, plaintiff expressed his dissatisfaction therewith, and his determination not to accept the 37½ acres as his portion of his mother's estate.

Some time after the probate of the will the intervenors, who held a judgment against plaintiff which had been properly recorded in Washington County and a lien thereby created upon any land then owned or thereafter acquired by plaintiff in said county, levied upon the 37½ acre tract under an execution issued on said judgment, and at the sale

under said execution became the purchaser of the land. Plaintiff then consulted a lawyer in regard to bringing suit to recover his interest in his mother's estate in the 130 acre tract, and was advised to buy the 37½ acres from intervenors before bringing the suit. Acting upon this advice he purchased the 37½ acre tract from intervenors for the amount of the judgment held by them and the cost of the execution sale. Of this amount he paid the intervenor $75 in cash and for the balance executed his note secured by a vendor's lien on the land. When this sale was made to plaintiff by the intervenors they released their judgment and the judgment lien. This note was not paid at maturity and intervenors brought suit thereon, foreclosed their lien and at a sale under said judgment of foreclosure purchased the land and obtained a sheriff's deed therefor.

Upon these facts the trial court held that in purchasing the land from the intervenors plaintiff recognized their title thereto, and thereby accepted under his father's will, and is estopped from asserting any claim to the remainder of the 130 acres as heir of his mother.

We think this conclusion is sound. It is unnecessary to cite authority upon the proposition that one who takes property under a will can not claim, adversely to the provisions of such will, other property therein devised to another.

Plaintiff may have, as he testified, told the intervenors when he purchased the 37½ acres from them that he did not intend to accept under his father's will, and intended to sue for his portion of his mother's estate; but he accepted a deed from them for the entire 37½ acres and executed his note for a portion of the purchase money in which he acknowledged a vendor's lien upon the whole tract. By so doing he recognized the intervenors' title to the whole of the tract, or, at least, their right to subject it to the payment of the judgment held by them against him, and having failed to pay the note when it became due the foreclosure of their lien and the purchase by intervenors at the sale under such foreclosure invested them with the title to the land. Having thus by his acts placed the title to the 37½ acres in the intervenors in satisfaction of a debt due by him he will not be heard to say as against the defendants that he has not accepted under his father's will.

It matters not what his intention may have been, when he placed it in the power of the intervenor to obtain the title to the 37½ acres in satisfaction of his indebtedness to them and by failing to discharge such indebtedness permitted them to acquire title to the land, he thereby appropriated it and is estopped from claiming that he did not accept under the will.

We are of opinion that the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*

Writ of error refused.